IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELONDY STRICKLAND,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHLAND FAMILY<br>DENTISTRY, P.C.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Melondy Strickland ("Plaintiff"), and files this, her Complaint against Defendant Highland Family Dentistry, P.C., ("Defendant"), and shows the following:

### I.   NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

## II.  JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1981.

3.

Defendant is a domestic professional corporation that is qualified to do business in this District.  In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.  PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.  Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Azita Bahrami, 76 Highland Pav. Ct., Suite 145, Hiram, Georgia 30141.

### IV.   FACTUAL ALLEGATIONS

7.

Plaintiff began working for Defendant as a manager on or about March 12, 2020.

8.

During her time working for Defendant, Plaintiff often heard Dr. Azita Bahrami, Defendant's owner, make derogatory race-based comments and racial comparisons about the quality of employees.

9.

Dr. Bahrami frequently referred to Hispanics as "stupid" and Blacks as "lazy and ignorant."

10.

In May and June 2020, Plaintiff hired three new employees: Olivia West (Black), Ana Sarti (Hispanic), and Dawn Phelps (White). All three employees began their employment on or about early June 2020.

11.

Dolly Gaines, a consultant for Defendant, praised Plaintiff for hiring the new employees, noting that Dr. Bahrami would never hire Black employees.

12.

On or about June 10, 2020, just two weeks after Ms. West began working for Defendant, Dr. Bahrami instructed Plaintiff to fire her. Ms. West had received no written disciplinary actions during her employment with Defendant and Plaintiff expressed her disagreement with the decision to terminate. Ms. Sarti quit soon thereafter, citing the difficult work environment.

13.

Plaintiff hired two more employees in mid-June 2020: Silgonna Jones (Black) and Cynthia Segovia (Hispanic).

14.

Soon after, on or around June 30 and July 1, 2020, Dr. Bahrami instructed Plaintiff to fire Ms. Jones and Ms. Segovia, respectively.  Plaintiff again expressed her disagreement with the decision to terminate these employees, noting that neither had received any written disciplinary actions.

15.

In late June 2020, referring to Black employees, Dr. Bahrami told Plaintiff: "I've tried fifteen of them…and one hundred percent of them were lazy."

16.

Dr. Bahrami also told Plaintiff that she "wasn't willing to try" hiring Black or Hispanic employees.

17.

After hearing the above derogatory race-based comments, Plaintiff complained to Dr. Bahrami in late June 2020 about the racist conduct. Nonetheless, Dr. Bahrami continued to make race-based comments and comparisons.

18.

On or around mid-July 2020, Plaintiff hired Abena Nkrumah, a Black woman from Ghana. In response to this hiring, Dr. Bahrami told Plaintiff, "at least she is not a Black American."

19.

Soon after Ms. Nkrumah began working for Defendant, Dr. Bahrami began making remarks about her "puffy hair," referring to Ms. Nkrumah's Afro hair style.

20.

On August 12, 2020, Plaintiff again complained to Dr. Bahrami about her derogatory race-based comments and requested an in-person meeting.

21.

On August 13, 2020, Plaintiff handed Dr. Bahrami a note with topics that she wanted to discuss. Among those written topics was Dr. Bahrami's derogatory comments about Blacks and Black employees.

22.

The next day, on August 14, 2020, Dr. Bahrami texted Plaintiff telling her not to come to work "until further notice." Plaintiff was then terminated.

23.

Defendant terminated Plaintiff in retaliation for engaging in protected activity.

24.

Defendant's proffered reason for terminating Plaintiff's employment is a pretext for unlawful retaliation.

## V.    CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF 42 U.S.C. § 1981 RETALIATION

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

Plaintiff engaged in protected conduct when she complained about race-based discrimination and a racially hostile work environment.

27.

Defendant subjected Plaintiff to adverse employment action after Plaintiff engaged in protected conduct.

28.

There was a causal connection between the protected conduct and the adverse action.

29.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

30.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 19th day of January, 2021.

**BARRETT & FARAHANY**

 s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Melondy Strickland*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com